E-Filed — **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV 12-192-GHK (OPx) | Date | September 28, 2012 |
| Title | *Gallishaw, LLC v. Tom A. Finch* | | |

| **Presiding: The Honorable** | **GEORGE H. KING, CHIEF U.S. DISTRICT JUDGE** |
|---|---|

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    **(In Chambers) Order re:** (1) Order to Show Cause (Dkt. No. 10); (2) Plaintiff's Motion to Remand (Dkt. No. 7); (3) Plaintiff's Ex Parte Application to Remand (Dkt. No. 8).

On February 7, 2012, Defendant Tom A. Finch ("Defendant") removed the above-titled unlawful detainer action to this Court. The Notice of Removal ("NOR") states that we have federal question jurisdiction. However, the attached state court Complaint asserts only a claim for unlawful detainer under California law. Therefore, it did not appear that this case presents a federal question. In his NOR, Defendant appears to argue that we have subject matter jurisdiction because he asserts a defense under the Protecting Tenants at Foreclosure Act ("PTFA"). However, federal jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *See US Bank Nat'l Ass'n v. Jenkins*, 2012 WL 242858, at *2 (C.D. Cal. Jan. 25, 2012) ("Defendant's reference to the PTFA is best characterized as a defense or potential counterclaim, neither of which is considered in evaluating whether a federal question appears on the face of a plaintiff's complaint." (internal quotations omitted)).

On February 16, 2012, we ordered Defendant to show cause why this matter should not be remanded because this Court lacks subject matter jurisdiction. We stated that "Defendant's failure to timely and adequately show cause as required herein shall be deemed Defendant's admission that this Court lacks subject matter jurisdiction." Defendant has since failed to respond to our OSC. Accordingly, we hereby **REMAND** this action to the state court from which it was removed. Plaintiff's Motion to Remand and Ex Parte Application to remand are hereby **DENIED** as moot.

**IT IS SO ORDERED.**

| | -- | : | -- |
|---|---|---|---|
| | Initials of Deputy Clerk | | Bea |